# EXHIBIT 1

FILED
2026 JUL 27 04:16 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-24069-8 KNT

**SUPERIOR COURT OF THE STATE OF WASHINGTON**

**COUNTY OF KING**

| | |
|---|---|
| EFREN MARCOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES** |



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiff Efren Marcos ("Plaintiff"), by and through the undersigned attorneys, individually and on behalf of all others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

1. This is a proposed wage-and-hour class action brought under the Washington Industrial Welfare Act ("IWA") and the Washington Minimum Wage Act ("MWA") seeking injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to pay all owed minimum wages; and failure to pay all owed overtime wages.

**JURISDICTION & VENUE**

2. This Court has jurisdiction under RCW 2.08.010 because Plaintiff seeks damages in excess of three hundred dollars.

3. Venue is proper in King County, pursuant to RCW 4.12.025(1)(a)-(c), (3)(b), because Defendants transact business in King County, Washington by including but not limited to, operating scheduled passenger airline service and an aircraft line maintenance station at the Seattle-Tacoma International Airport in King County, and maintaining an office for the transaction of business in King County, and are therefore deemed to reside in King County. Defendants employed at least some of the Class Members, including but not limited to, Plaintiff, to work in the State of Washington and King County.

**THE PARTIES**

4. Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff worked for Defendants as a Line Technician and/or a similar job title/position from approximately October 2025 through January 2026.

5. Defendant, United Airlines, Inc. ("Defendants" or "United"), is a Delaware corporation registered to do business in the State of Washington. Defendants' nature of business is registered with the Washington Secretary of State as air transportation. Defendants operate a



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

commercial airline that provides scheduled passenger and cargo air transportation throughout the United States and internationally. Defendants own, operate, manage, and/or staff employees to work at aircraft line maintenance and technical operations facilities in Washington State, including within King County. Through their business operations, Defendants transact business within King County by operating scheduled airline service and an aircraft line maintenance station at the Seattle-Tacoma International Airport in SeaTac, Washington, and by employing hourly workers at that location.

6. Additional individuals, known to Defendant United but not yet identified by Plaintiff (and identified herein as Does 1-20) manage employees on behalf of United and are statutory employers under Washington law because of their managerial role with the company.

**CLASS ALLEGATIONS**

7. Plaintiff brings this action on behalf of Plaintiff, and all others similarly situated as a proposed class action pursuant to CR 23. The Class that Plaintiff seeks to represent is defined as follows:

> Class Members: All current and former non-exempt, hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period").

8. Plaintiff reserves the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.

9. There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members of the Class are so numerous that joinder of all members is impractical.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

10. Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative class; (2) Plaintiff's claims stem from the same practice or course of conduct that forms the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

11. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

12. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a. Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiff and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

b. Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing their locations and permitting or requiring Plaintiff and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;

c. Whether Defendants maintained an adequate system for scheduling Plaintiff's and Class Members' rest periods;



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

d. Whether Defendants maintained an adequate system for ensuring that Plaintiff and Class Members could take timely meal and/or rest periods;

e. Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f. Whether Defendants have insufficient record-keeping on a systemic level;

g. Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050 and 49.52.070;

h. Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiff and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i. Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

j. The nature and extent of class-wide damages and the measure of damages for the Class.

13. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

14. Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

15. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FACTUAL BACKGROUND

16. During the Class Period, Plaintiff and each of the Class Members worked for Defendants in the State of Washington.

17. Defendants assigned Plaintiff to work at one of Defendants' aircraft line maintenance locations at the Seattle-Tacoma International Airport in SeaTac, King County, Washington.

18. Throughout Plaintiff's employment, Plaintiff typically worked shifts lasting at least approximately eight (8) to ten and one-half (10.5) hours long, and at times longer. At times, Plaintiff worked more than forty (40) hours in a workweek.

19. Defendants compensated Plaintiff with a base hourly rate for time counted by Defendants as hours worked. At times, Plaintiff was compensated with a base hourly rate of approximately $36.90 to $38.77 per hour. Plaintiff was also compensated with non-discretionary pay, including but not limited to, shift differential pay and/or other non-discretionary pay.

### Meal and Rest Period Violations

20. Washington law demands that employees be allowed a meal period of at least thirty



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a 10-minute rest break every four hours. WAC 296-126-092(1)–(4).

21. Defendants sometimes failed to provide compliant meal and rest periods for employees in Washington State. Hourly employees, including Plaintiff, were once or twice per week required to work through breaks, were forced to take them late, or were not given them at all.

22. For example, based on information and belief, Plaintiff was required to work more than five consecutive hours without a meal period on one or two occasions during one or more of the following workweeks: workweek beginning on Monday, December 8, 2025, workweek beginning on Monday, December 15, 2025, workweek beginning on Monday, December 22, 2025, and/or workweek beginning on Monday, January 5, 2026.

23. Plaintiff and Class Members were also once or twice per week required to take shortened meal periods due to the need to complete assigned job duties and/or because they were required to return to work by a particular time and had to end their meal period before 30 minutes elapsed. For example, based on information and belief, once or twice per week, Plaintiff was required to cut his meal period short to attend to work-related matters and returned to work before thirty minutes elapsed, yet Defendants deducted a full thirty minutes from Plaintiff's paid hours for that shift. Based on information and belief, this occurred on one or two occasions during one or more of the following workweeks: workweek beginning on Monday, November 3, 2025, workweek beginning on Monday, November 10, 2025, workweek beginning on Monday, December 1, 2025, and/or workweek beginning on Monday, December 8, 2025.

24. Plaintiff and Class Members were also occasionally required to work during meal breaks. For example, on several occasions or sometimes once or twice per week, Plaintiff was interrupted and required to return to work and/or attend to work-related matters during purportedly



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

off-duty meal breaks. Based on information and belief, Plaintiff was interrupted and/or required to work during a meal break on one or two occasions during one or more of the following workweeks: workweek beginning on Monday, December 8, 2025, workweek beginning on Monday, December 15, 2025, workweek beginning on Monday, December 22, 2025, and/or workweek beginning on Monday, January 5, 2026.

25. Based on information and belief, at times, Class Members worked three or more hours beyond their normal workday, worked more than eleven hours in a workday, and/or worked more than five consecutive hours after clocking back in from a first meal break without receiving a second meal break.

26. For example, based on information and belief, Plaintiff worked a shift lasting more than eleven hours on or about November 15, 2025 and was not provided with a second meal period. Based on information and belief, Plaintiff was denied a second meal break on one or two occasions during one or more of the following workweeks: workweek beginning on Monday, November 10, 2025, workweek beginning on Monday, December 22, 2025, and/or workweek beginning on Monday, January 5, 2026.

27. Based on information and belief, Plaintiff was denied one or two compliant meal periods during one or more of the following workweeks: workweek beginning on Monday, December 8, 2025, workweek beginning on Monday, December 15, 2025, workweek beginning on Monday, December 22, 2025, and/or workweek beginning on Monday, January 5, 2026.

28. Defendants did not compensate Plaintiff and Class Members with an additional thirty minutes of work time for all instances in which they were not provided required, timely 30-minute uninterrupted meal periods.

29. Plaintiff and other Class Members were also at times denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten minutes long. Plaintiff was not always provided with an off-duty rest period of at least ten (10) minutes for every four (4) hours worked, and Plaintiff



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

was once or twice per week required to work more than three (3) consecutive hours without a compliant rest break. Based on information and belief, once or twice per week, Plaintiff was not provided with a second rest period before the eighth hour of work and/or a third rest period before the twelfth hour of work, and rest periods that were provided were sometimes taken late, cut short, or interrupted. Based on information and belief, Plaintiff was denied one or two compliant rest periods during one or more of the following workweeks: workweek beginning on Monday, October 20, 2025, workweek beginning on Monday, November 17, 2025, workweek beginning on Monday, November 24, 2025, workweek beginning on Monday, December 8, 2025, workweek beginning on Monday, December 29, 2025, and/or workweek beginning on Monday, January 5, 2026.

30. Defendants maintained no formal or reliable system for scheduling, tracking, or ensuring compliant rest periods.

31. Defendants failed to compensate Plaintiff for each missed or otherwise legally noncompliant rest period.

32. Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiff and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

33. Defendants' violations were willful and not a result of inadvertence or carelessness.

34. There was no bona fide dispute regarding the payment of wages.

**Failure to Pay Minimum and Overtime Wages**

35. Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break, resulting in the deprivation of wages owed, in violation of Washington law, including but not limited to, the MWA.

36. Based on information and belief, at times, Defendants required Plaintiff and other



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Class Members to complete work tasks prior to clocking in for the start of shifts, after clocking out for the end of shifts, during unpaid meal periods and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

37. For example, based on information and belief, Defendants maintained a policy and practice of deducting a precisely thirty-minute unpaid meal period from the paid hours of Plaintiff and Class Members for shifts worked, even during shifts when a compliant, uninterrupted thirty-minute meal period was not in fact provided or taken, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

38. For instance, Defendants' records reflect shifts Plaintiff was assigned to and did work, and Defendants' wage statements covering those shifts reflect the hours for which Plaintiff was actually paid. A comparison of the two reflects that Plaintiff's paid hours were reduced by precisely thirty minutes (0.50 hours) for each shift Plaintiff worked during the following pay periods: for the pay period of November 2, 2025 through November 15, 2025, Defendants' records reflect that Plaintiff worked nine shifts totaling approximately 86.50 hours, while Defendants' wage statement for that pay period reflects that Plaintiff was paid for only 82.00 hours worked — a reduction of exactly 4.50 hours, or precisely thirty minutes for each of the nine shifts; and for the pay period of November 30, 2025 through December 13, 2025, Defendants' records reflect that Plaintiff worked eight shifts of approximately ten and one-half hours each, totaling approximately 84.00 hours, while Defendants' wage statement for that pay period reflects that Plaintiff was paid for exactly 80.00 hours worked and no overtime hours whatsoever — a reduction of exactly 4.00 hours, or precisely thirty minutes for each of the eight shifts.

39. Additionally, based on information and belief, Defendants sometimes rounded Plaintiff's and other Class Members' total hours worked to at least the nearest quarter hour, resulting in Defendants' failure to compensate Plaintiff and Class Members for all hours worked and the underpayment of wages owed. For example, Defendants' wage statements for Plaintiff for



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

the following pay periods reflect total hours worked rounded to at least the nearest quarter hour: for the pay period of October 5, 2025 through October 18, 2025, Defendants' wage statement for Plaintiff reflects total hours worked of exactly 80.00 hours; for the pay period of November 2, 2025 through November 15, 2025, Defendants' wage statement for Plaintiff reflects total hours worked of exactly 82.00 hours, comprising exactly 80.00 regular hours and exactly 2.00 overtime hours; for the pay period of November 16, 2025 through November 29, 2025, Defendants' wage statement for Plaintiff reflects total hours worked of exactly 61.50 hours, comprising exactly 60.00 regular hours and exactly 1.50 overtime hours; and for the pay period of December 28, 2025 through January 10, 2026, Defendants' wage statement for Plaintiff reflects total hours worked of exactly 69.25 hours.

40. As described above, Defendants sometimes required Plaintiff and other Class Members to complete work tasks during meal periods which were not recorded, resulting in Defendants' failure to compensate them for all hours worked.

41. Based on information and belief, Defendants required Plaintiff to complete off-the-clock work, including but not limited to work performed during unpaid meal periods, once or twice per week during one or more of the following workweeks: workweek beginning on Monday, December 8, 2025, workweek beginning on Monday, December 15, 2025, workweek beginning on Monday, December 22, 2025, and/or workweek beginning on Monday, January 5, 2026.

42. Additionally, because of off-the-clock work and the improper timekeeping as to the beginning and end of meal periods, Plaintiff and other Class Members at times worked more than forty hours per week for which they were not paid all owed overtime compensation.

43. Based on information and belief, Defendants also sometimes deprived Plaintiff and other Class Members of earned wages by failing to reimburse all necessary business expenses. For example, based on information and belief, once or twice per week Defendants required Plaintiff to use his personal cell phone to respond to work-related calls and/or text messages from Defendants, and Defendants did not reimburse Plaintiff for that use, resulting in the deprivation of wages owed



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

in violation of the MWA. Based on information and belief, Defendants required Plaintiff to respond to work-related calls and/or messages on his personal cell phone without reimbursement on one or two occasions during the workweek beginning on Monday, October 20, 2025, the workweek beginning on Monday, November 17, 2025, the workweek beginning on Monday, November 24, 2025, the workweek beginning on Monday, December 8, 2025, and/or the workweek beginning on Monday, December 22, 2025.

44. At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiff and other Class Members as required by RCW 49.46.070.

**FIRST CAUSE OF ACTION**

**Failure to Compensate for Noncompliant Meal and Rest Periods**

**RCW 49.12; WAC 296-126-092**

**On Behalf of Plaintiff and Class Members**

45. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

46. Under *Wingert v. Yellow Freight Sys., Inc.,* 146 Wn.2d 841, 847–51, 50 P.3d 256, 259–61 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

47. WAC 296-126-092 requires employers to provide their employees with (1) a meal period of at least thirty minutes, commencing between two and five hours from the start of the shift, paid if the employee is required to remain on duty, and in no event requiring an employee to work more than five consecutive hours without a meal period; (2) an additional thirty-minute meal period before or during any overtime period for employees working three or more hours beyond a normal workday; (3) a paid rest period of at least ten minutes for every four hours worked, scheduled as near as possible to the midpoint of the work period, with no employee required to work more than three hours without a rest period; and (4) where the nature of the work does not allow employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods consistent with the foregoing.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

48. "On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847–51, 50 P.3d at 259–61. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.,* 164 Wn. App. 668, 690–93, 267 P.3d 383 (2011), and for missed rest breaks*, Chavez v. Our Lady of Lourdes Hosp. at Pasco,* 190 Wn.2d 507, 523–24, 415 P.3d 224, 230–31 (2018).

49. Most recently, the Washington Court of Appeals confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 430, 556 P.3d 714, 723 (2024), review denied, 4 Wash. 3d 1007, 563 P.3d 448 (2025). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.,* 175 Wn.2d 822, 832, 287 P.3d 516, 521 (2012).

50. Defendants sometimes failed to provide Plaintiff and Class Members with compliant rest periods at required times and uninterrupted 30-minute meal breaks.

51. Defendants failed to always compensate Plaintiff for these missed or otherwise legally noncompliant meal and rest periods.

52. Defendants maintained no policy or practice to ensure actual 30-minute breaks were always taken for meals. Based on information and belief, at times, Defendants engaged in unauthorized time editing / time shaving and/or deducted precisely thirty (30) minutes per shift for meal periods that were less than a full thirty minutes and/or otherwise noncompliant. For example, based on information and belief, Defendants deducted thirty minutes for meal breaks that were interrupted and/or less than thirty minutes, once or twice per week, during one or more of the following workweeks: workweek beginning on Monday, November 3, 2025, workweek beginning on Monday, November 10, 2025, workweek beginning on Monday, December 1, 2025, and/or workweek beginning on Monday, December 8, 2025.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

53. As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of all owed wages for all missed or otherwise noncompliant meal periods and rest periods, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**RCW 49.46 et seq.**
**On Behalf of Plaintiff and Class Members**

54. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

55. Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("MWA"), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

56. Defendants failed to pay Plaintiff and Class Members for all hours worked.

57. Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.

58. Additionally, Defendants sometimes required Plaintiff and Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiff and Class Members for all work time.

59. Based on information and belief, Defendants also deprived Plaintiff and other Class Members of earned wages by failing to always reimburse for all necessary business expenses, resulting in the deprivation of wages owed in violation of the MWA. For example, based on information and belief, once or twice per week, Defendants required Plaintiff and other Class Members to use their personal cell phones/devices to carry out assigned job duties without



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

providing reimbursement for these business expenses, resulting in the deprivation of wages owed, in violation of the MWA.

60. Based on information and belief, Defendants also deprived Plaintiff and other Class Members of earned wages by failing to provide, accrue, and/or pay all owed paid sick leave. Under RCW 49.46.210, employees are entitled to accrue at least one hour of paid sick leave for every forty hours worked. Based on information and belief, at times Defendants failed to provide Plaintiff and other Class Members with any and/or all paid sick leave to which they were entitled, and at times failed to accrue, track, and/or report accrued, used, and available paid sick leave, resulting in the deprivation of wages owed in violation of the MWA. For example, based on information and belief, Defendants failed to provide Plaintiff with any and/or all owed paid sick leave during the pay period of November 30, 2025 through December 13, 2025 and during the pay period of December 28, 2025 through January 10, 2026, and Defendants' wage statements for Plaintiff for each of those pay periods reflect no accrued, used, or available paid sick leave whatsoever.

61. Based on information and belief, at times, Defendants engaged in unauthorized time editing and/or rounding resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed. For example, as explained herein, based on information and belief, Defendants deducted thirty minutes for meal breaks that were interrupted and/or less than thirty minutes, once or twice per week, during one or more of the following workweeks: workweek beginning on Monday, November 3, 2025, workweek beginning on Monday, November 10, 2025, workweek beginning on Monday, December 1, 2025, and/or workweek beginning on Monday, December 8, 2025. For further example, as explained herein, Defendants' wage statements for Plaintiff reflect total hours worked rounded to at least the nearest quarter hour for the pay periods of October 5, 2025 through October 18, 2025; November 2, 2025 through November 15, 2025; November 16, 2025 through November 29, 2025; and December 28, 2025 through January 10, 2026.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

62. As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**RCW 49.46.130**
**On Behalf of Plaintiff and Class Members**

63. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

64. The MWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

65. The MWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Sec., Inc.,* 162 Wn.2d 42, 47, 169 P.3d 473, 475 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id*. (citing WAC 296-126-002(8)).

66. As set forth above, at times, during workweeks in which Plaintiff and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated MWA by failing to pay Plaintiff and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n*, 175 Wn.2d at 832.

67. For example, based on information and belief, Defendants failed to pay Plaintiff at the overtime rate of 1.5 times Plaintiff's regular rate of pay for all hours worked in excess of 40 during one or more of the following workweeks: workweek beginning on Monday, November 3, 2025, workweek beginning on Monday, November 10, 2025, workweek beginning on Monday,



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

December 8, 2025, and/or workweek beginning on Monday, December 22, 2025.

68. Based on information and belief, Defendants also failed to provide, accrue, and/or pay all owed paid sick leave, resulting in the deprivation of wages owed, including but not limited to, overtime wages, in violation of the MWA. For example, based on information and belief, Defendants failed to provide Plaintiff with any and/or all owed paid sick leave during the pay period of November 30, 2025 through December 13, 2025 and during the pay period of December 28, 2025 through January 10, 2026, each of which contained one or more workweeks during which Plaintiff worked more than forty (40) hours, resulting in the deprivation of wages owed, including but not limited to, overtime wages.

69. As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of overtime wages owed, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff and Class Members, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class period defined above;

B. An award of damages to Plaintiff and Class Members in the amount of their missed and unpaid meal period and rest period wages, unpaid overtime wages for hours worked over 40 hours in a week, and unpaid wages for off-the-clock work;

C. Exemplary damages in amounts equal to double the wages due to Plaintiff and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

D. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1), 49.48.030, and 49.52.070;

E. Prejudgment interest; and



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

F. All other relief this Court deems proper.

Dated: July 27, 2026

**CROSNER LEGAL, P.C.**

By: ____________________________

Jamie K. Serb (WSBA No. 62065)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
Attorneys for Plaintiff,
Efren Marcos